1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 KARNIA ELIZABETH CORRALEJO,          No. 2:22-CV-0673-DMC

12              Plaintiff,

13     v.                                          MEMORANDUM OPINION AND ORDER

14 COMMISSIONER OF SOCIAL
   SECURITY,
15
                Defendant.
16

17

18          Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19 review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20 Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

21 judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c); see also ECF

22 No. 21.  Before the Court are the parties' briefs on the merits.  See ECF Nos. 15, 17, 19.

23          The Court reviews the Commissioner's final decision to determine whether it is:

24 (1) based on proper legal standards and (2) supported by substantial evidence in the record as a

25 whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

26 more than a mere scintilla but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

27 (9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a

28 conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including

1

both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

| | |
|---|---|
| Step 1 | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied; |
| Step 2 | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |
| Step 4 | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |

| | | |
|---|---|---|
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on September 4, 2018.  See CAR at 49.[1]  Plaintiff has twice previously applied for and been denied social security benefits, once on March 14, 2012, and once on March 15, 2018.  See id. at 50.  Plaintiff claims disability began on March 1, 2016.  See id.  Plaintiff's claim was initially denied.  Id. at 58.  Plaintiff requested reconsideration, and on reconsideration the claim was again denied.  See id. at 68.  Plaintiff then requested an administrative hearing, which was held on September 21, 2020, before Administrative Law Judge (ALJ) Trevor Skarda.  See id. at 11.   In a March 3, 2021, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

> 1.    The claimant has the following severe impairment(s): diabetes mellitus (20 CFR 416.920(c)).
>
> 2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3.    The claimant has the following residual functional capacity: capacity to perform medium work as defined in 20 CFR 416.967(c) except that she is limited to frequent bilateral fingering. She can never climb ladders ropes or scaffolds.  She must avoid even moderate exposure to hazards (i.e., operational control of dangerous moving machinery and unprotect heights).  She is precluded from driving;
>
> 4.    Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> See id. at 11-18.

After the Appeals Council declined review on November 13, 2021, this appeal followed.  See id. at 1.

/ / /

/ / /

/ / /

/ / /

---

[1]    Citations are the to the Certified Administrative Record (CAR) lodged on December 20, 2022, ECF No. 14.

1

## III.  DISCUSSION

2        Plaintiff lists the following issues in contention:

3            1.      The ALJ's Decision in Step Two Is Unsupported by
Substantial Evidence. Plaintiff Has a Medically Determinable Impairment
4    or a Combination of Impairments That Is "Severe" [20 CFR 404.1520(c)].

5            2.      The ALJ's Decision in Step Three Is Not Supported by
Substantial Evidence. Plaintiff's Impairment or Combination of
6    Impairments Is Severe to Meet or Medically Equal the Criteria of an
Impairment Listed in 20 CFR Part 404, Appendix 1.
7

8            3.      The ALJ's Decision in Step Four Is Not Supported by
Substantial Evidence. Plaintiff Had Not the Residual Functional Capacity
    to Perform Medium Work as Defined in 20 CFR 416.967(C).
9

10           4.      The ALJ's Decision in Step Five Is Not Supported by
Substantial Evidence and Committed an Error of Law in This Step.
11   Plaintiff Cannot Do Any Other Work Considering Her Residual
Functional Capacity, Age, Education, and Work Experience.

12       ECF No. 15, pg. 3 (table of contents).

13       Plaintiff's first argument concerning the ALJ's analysis at Step 2 is set forth at

14   ECF No. 15, pgs. 11-13.  Plaintiff contends that the ALJ "gave no weightage to the 'severity' of

15   other impairments," id. at 12, but Plaintiff does not identify the "other impairments."  Plaintiff

16   adds that the ALJ provided no reasons for rejecting the opinion of treating physicians.  See id.

17   Plaintiff also states that the ALJ "did not mention the basis for determining the Plaintiff's

18   impairment. . . ."  Id.  Finally, Plaintiff contends that the ALJ ignored her long-term disability.

19   See id.  No citation to the record is provided in support of any of these contentions.  The Court

20   will nonetheless consider the ALJ's analysis at Step 2 of the basis for the severity determination

21   and at Step 4 of the treating physicians' opinions.

22       In her second argument, Plaintiff contends that the ALJ erred at Step 3.  See ECF

23   No. 15, pgs. 13-16.  Plaintiff restates her argument that the ALJ failed to properly analyze treating

24   physician opinions, and the Court will consider this contention below.  Otherwise, Plaintiff's

25   argument concerning Step 3 is not properly before the Court because Plaintiff does not identify

26   which specific Listing of Impairments her impairments satisfy.

27       In her third argument, Plaintiff contends the ALJ erred at Step 4 by concluding that

28   she can perform medium work because such work is foreclosed by her physical limitations.  See

1  id. at16-18.  This issue is supported by citation to the record, albeit minimal, and will be

2  considered below.

3          In her final argument, Plaintiff asserts that the ALJ erred at Step 5 in determining

4  that she can perform other jobs that exist in the national economy.  See id. at 18-20.  The basis for

5  this contention is Plaintiff's conclusion that the ALJ failed to properly evaluate treating physician

6  opinions.  See id.  Plaintiff's fourth argument, therefore, does not present a distinct claim of error

7  and is subsumed in her other claims as outlined above.

8          **A.      Severity Determination at Step 2**

9          To qualify for benefits, the plaintiff must have an impairment severe enough to

10  significantly limit the physical or mental ability to do basic work activities.  See 20 C.F.R. §§

11  404.1520(c), 416.920(c).  In determining whether a claimant's alleged impairment is sufficiently

12  severe to limit the ability to work, the Commissioner must consider the combined effect of all

13  impairments on the ability to function, without regard to whether each impairment alone would be

14  sufficiently severe.  See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42

15  U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923.  An impairment, or combination of

16  impairments, can only be found to be non-severe if the evidence establishes a slight abnormality

17  that has no more than a minimal effect on an individual's ability to work.  See Social Security

18  Ruling (SSR) 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting

19  SSR 85-28).  The plaintiff has the burden of establishing the severity of the impairment by

20  providing medical evidence consisting of signs, symptoms, and laboratory findings.  See 20

21  C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient.

22  See id.

23          At Step 2, the ALJ made concluded that Plaintiff's diabetes mellitus is a severe

24  impairment.  See CAR 14.  The ALJ stated:

25          The above medically determinable impairments significantly limit the
26          ability to perform basic work activities as required by SSR 85-28.

27          There is evidence that the claimant was diagnosed or assessed with and/or
           received treatment for hypothyroidism and hyperlipidemia (e.g., 5F/7;
           2F/29; 10F/14). However, there is little evidence these impairments or
28          conditions satisfy the durational requirement or more than minimally

impact the claimant's ability to perform basic work activities. For example, on occasions, examination results indicated no thyroid problems (5F/8). She exhibited no tenderness, enlarge[d] or nodular thyroid (13F/14). Consequently, they are not severe.

CAR 14.

Plaintiff argues: "The ALJ did not mention the basis for determining the Plaintiff's impairment but only emphasized hypothyroidism and hyperlipidemia." ECF No. 15, pg. 12. The Court finds no error. First, contrary to Plaintiff's assertion, the ALJ explained that Plaintiff's diabetes mellitus significantly limits her ability to work, which renders the impairment severe. Second, the ALC noted that Plaintiff had not presented evidence that any other claimed impairment has more than a minimal impact on Plaintiff's ability to perform work activities. In the context of this action for judicial review, Plaintiff has not pointed to evidence of record which would belie the ALJ's determination.

Plaintiff's conclusory arguments regarding error at Step 2 are rejected.

### B.   Residual Functional Capacity Finding at Step 4

Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). Thus, residual functional capacity describes a person's exertional capabilities in light of his or her limitations. An ALJ's RFC finding must include all of the limitations the ALJ has found to be supported by the evidence of record. See SSR 85-15.

Plaintiff presents two arguments regarding the ALJ's analysis at Step 4. First, Plaintiff contends that the ALJ failed to properly evaluate the treating physician opinions of record. Second, Plaintiff asserts that the ALJ's finding that she can perform medium work is inconsistent with her physical limitations which, according to Plaintiff, preclude medium work.

1.   Evaluation of Treating Physician Opinions

"The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ errs by not explicitly rejecting a medical opinion. See Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir.

7

1    2014).  The ALJ also errs by failing to set forth sufficient reasons for crediting one medical

2    opinion over another.  See id.

3            Under the regulations, only "licensed physicians and certain qualified specialists"

4    are considered acceptable medical sources.  20 C.F.R. § 404.1513(a); see also Molina v. Astrue,

5    674 F.3d 1104, 1111 (9th Cir. 2012).  Where the acceptable medical source opinion is based on

6    an examination, the ". . . physician's opinion alone constitutes substantial evidence, because it

7    rests on his own independent examination of the claimant."  Tonapetyan v. Halter, 242 F.3d 1144,

8    1149 (9th Cir. 2001).  The opinions of non-examining professionals may also constitute

9    substantial evidence when the opinions are consistent with independent clinical findings or other

10   evidence in the record.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Social

11   workers are not considered an acceptable medical source.  See Turner v. Comm'r of Soc. Sec.

12   Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010).  Nurse practitioners and physician assistants

13   also are not acceptable medical sources.  See Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016).

14   Opinions from "other sources" such as nurse practitioners, physician assistants, and social

15   workers may be discounted provided the ALJ provides reasons germane to each source for doing

16   so.  See Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017), but see Revels v. Berryhill, 874

17   F.3d 648, 655 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(f)(1) and describing circumstance

18   when opinions from "other sources" may be considered acceptable medical opinions).

19           The Commissioner has promulgated revised regulations concerning how ALJs

20   must evaluate medical opinions for claims filed, as here, on or after March 27, 2017.  See 20

21   C.F.R. §§ 404.1520c, 416.920c.  These regulations supersede prior caselaw establishing the

22   treating physician rule which established a hierarchy of weight to be given medical opinions

23   depending on their source.  See id.; see also Jones v. Saul, 2021 WL 620475, at *9 (E.D. Cal.

24   Feb. 17, 2021) ("In sum, because (1) the 2017 regulations are not arbitrary and capricious or

25   manifestly contrary to statute, (2) the prior judicial construction was not mandated by the

26   governing statutory language to the exclusion of a differing agency interpretation, and (3) the

27   [treating-physician rule] is inconsistent with the new regulation, the court concludes that the 2017

28   regulations effectively displace or override [prior caselaw.]").  Thus, ALJs are no longer required

8

to "defer to or give any specific evidentiary weight to" treating physicians over medical opinions from other sources.  See Carr v. Comm'r of Soc. Sec., 2021 WL 1721692, at *7 (E.D. Cal. Apr. 30, 2021).

Under the revised regulations, the ALJ must evaluate opinions and prior administrative medical findings by considering their "persuasiveness."  See Buethe v. Comm'r of Soc. Sec., 2021 WL 1966202, at *3 (E.D. Cal, May 17, 2021) (citing 20 C.F.R. § 404.1520c(a)). In determining how persuasive the opinion of a medical source is, an ALJ must consider the following factors:  supportability, consistency, treatment relationship, specialization, and "other factors."  See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(b), (c)(1)-(5)).  Despite a requirement to consider all factors, the ALJ's duty to articulate a rationale for each factor varies. See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(a)-(b)).

Specifically, in all cases the ALJ must at least "explain how [she] considered the supportability and consistency factors," as they are "the most important factors."  See Buethe, 2021 WL 1966202, at *4 (citing § 404.1520c(b)(2)).  For supportability, the regulations state: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive [the opinion] will be."  See Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(c)(1)).  "For consistency, the regulations state: '[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive [the opinion] will be.'" Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(c)(2)).  "The ALJ is required to articulate findings on the remaining factors (relationship with claimant, specialization, and 'other') only when 'two or more medical opinions or prior administrative medical findings about the same issue' are 'not exactly the same,' and both are 'equally well-supported [and] consistent with the record.'"  Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(b)(2) & (3)).

At Step 4, the ALJ discussed medical opinions from a single source – the report of Jonathan Schwartz, M.D., following a December 2018 consultative examination.  See CAR 16. In finding Dr. Schwartz's opinions to be persuasive, the ALJ stated:

1

2
        In December 2018, consultative examiner Jonathan Schwartz, MD, performed an internal medicine evaluation of the claimant. With regard to

3
activities of daily living, she reported being able to dress herself and perform her own hygiene. She also did household chores such as cooking, washing the dishes, vacuuming, and mopping. She did not perform yard

4
work but was able to go shopping. She was not in acute distress on examination, could walk without assistance of difficulty, and results from

5
examination were generally normal. She exhibited Dupuytren's contracture of the right fourth finger and a slight heart murmur. She

6
denied any known cardiac history and there was no obvious sign of heart failure on examination. She underwent surgery to address the Dupuytren's

7
contracture in 2015. Based on the claimant's presentation, her reported history and symptoms, and examination results, Dr. Schwartz diagnosed

8
the claimant with diabetes mellitus, but could not rule out diabetic peripheral neuropathy. Functionally, the claimant could stand and/or walk

9
up to 6 hours and sit without limit. She could lift and/or carry 50 pounds occasionally and 25 pounds frequently. She would frequently finger (4F).

10
Dr. Schwartz had the opportunity to examine the claimant in person and could therefore provide an opinion based on clinical evidence. Dr.

11
Schwartz supported his opinion with an account of the claimant's physical examination. The opinion is also consistent internally and with the

12
relevant medical evidence of record. For example, the Dupuytren's contracture is consistent with a limitation in fingering. Her 5/5 muscle

13
strength and grip is consistent with the lifting and carrying limitation. Accordingly, the undersigned finds this opinion persuasive. However, to

14
account for the claimant's other symptoms associated with her diabetes mellitus, the undersigned finds environmental limitations are warranted.

15
CAR 16.

16
        Plaintiff raises no argument concerning the ALJ's evaluation of Dr. Schwartz's

17
opinions.  Referencing the so-called "treating physician rule" applicable under the prior

18
regulations, under which an uncontradicted opinion of a treating physician is entitled to

19
controlling weight, Plaintiff argues throughout her brief that the ALJ erred by relying on the

20
opinion of an examining physician – incorrectly identified in Plaintiff's brief as "David A.

21
Janus," from whom the file contains no medical records – over the opinions of treating sources.

22
See generally ECF No. 15.  Plaintiff does not, however, identify the treating source opinions the

23
ALJ supposedly failed to consider.  See id.  While Plaintiff is correct that the record contains

24
documents from treating sources, such as treatment notes and various objective findings, the

25
record does not contain any treating source opinions regarding Plaintiff's ability to perform work-

26
related activities.  Plaintiff identifies none in her brief.

27

28

1    Plaintiff's conclusory argument regarding failure to properly evaluate treating

2 source opinions is rejected.

3              2.    Consistency of Medium Work with Plaintiff's Physical Limitations

4    Plaintiff argues that the ALJ's determination at Step 4 that Plaintiff has the

5 residual functional capacity to perform medium work is inconsistent with her physical limitations.

6 See ECF No. 15, pg. 17.  Plaintiff contends that she can only lift 15 pounds frequently, which is

7 inconsistent with medium work.  See id.  Plaintiff also argues that her need for breaks and be off-

8 task 15-20% of the time is inconstant with medium work.  See id.

9    These arguments are meritless.  No doctor has opined that Plaintiff is limited to

10 frequent lifting of up to 15 pounds.  This limitation is based on Plaintiff's own subjective

11 statements, which were found not persuasive, and Plaintiff has not raised any argument as to the

12 ALJ's evaluation of her subjective statements.  As to lifting capability, the ALJ properly relied on

13 the opinion of Dr. Schwartz, who examined Plaintiff and concluded that Plaintiff can frequently

14 lift up to 25 pounds.  Similarly, while the vocational expert testified in response to the ALJ's

15 second hypothetical question that a person who would be off-task for 15-20% of the time would

16 indeed be unemployable, no doctor has opined that Plaintiff's impairments result in this particular

17 limitation.

18                          **IV.  CONCLUSION**

19    Based on the foregoing, the court concludes that the Commissioner's final decision

20 is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY

21 ORDERED as follows:

22              1.    Plaintiff's motion for summary judgment, ECF No. 15, is DENIED.

23              2.    Defendant's motion for summary judgment, ECF No. 17, is GRANTED.

24              3.    The Commissioner's final decision is AFFIRMED.

25              4.    The Clerk of the Court is directed to enter judgment and close this file.

26 Dated:  March 19, 2024

27 _____

28              DENNIS M. COTA
             UNITED STATES MAGISTRATE JUDGE

11